IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | | |
|---|---|---|
| GERALD COVELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.: 05-3207 |
| | ) | |
| HARMON P. MENKIS, TODD | ) | |
| HLAVECK, RALPH SESCO, | ) | |
| DARRELL WASHINGTON, JAMIE | ) | |
| GALLO-WEINSTEIN, LEON | ) | |
| DEVRIENDT, RON SIPEK, LORI | ) | |
| MCKEZIE, JENNY SINGLETON, | ) | |
| and AMY BLOUGH, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and their partial motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

1

# I. Background

This is a procedural due process action brought pursuant to 42 U.S.C. § 1983. Plaintiff Gerald Covell has asserted a takings claim of his property without due process as afforded by the Fourteenth Amendment of the United States Constitution (Counts I, III, V, VII, IX, XIII, XV, XVII, and XIX of the complaint). In his second claim, Covell alleges a taking of liberty interests without due process (Counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII, and XX of the complaint). Covell served as the Director of the Illinois Deaf and Hard of Hearing Commission ("Commission") from November 1998 through August 2003. On August 8, 2003, Covell was allegedly laid off from his position without a pre-termination or post-termination hearing. Covell alleges that all Defendants were members of the Commission at the time the Commission voted to terminate Covell from his position as Director.

Covell states that under regulations adopted by the Commission, the Director may be removed with a two-thirds majority vote. Additionally, Covell alleges the Director is entitled to the same rights and

privileges outlined in the Personnel Code, 20 ILCS 415, et al. (the "Code"). Due to these rights and privileges, Covell claims he could not have been terminated without good cause and that he possessed a property interest in his position of Director of the Commission.

Covell claims on August 4, 2003, two of the Defendants informed him at his home that he was immediately suspended from his employment with the Commission. Covell claims he was told at this time that he was being investigated for malfeasance and dereliction, he needed to surrender all state owned property, and he was to have no contact with any members of the Commission.

Covell asserts that on August 8, 2003, the Defendants voted unanimously to terminate him. After the vote, Covell was given notice of his termination. Three days later, Covell claims the Chairperson of the Commission issued a statement to the staff and public that Covell had been terminated. Because Covell allegedly still did not know why he was terminated, on August 21, 2003, he attempted to contact Defendant P. Harmon Menkins, the Chairperson of the Commission, to find out

specifically why he was terminated. A day later, Covell claims Menkins told him there would be no explanation given concerning the reasons for his termination.

Later, through conversations with others, Covell claims he learned he was terminated for the falsification of public records, including time records, and for viewing pornographic materials using state resources. Covell claims that he was not given an opportunity to rebut the allegations brought against him, whether in the form of a pre-termination hearing or a post-termination hearing.

Covell also served, by appointment of the Governor, as a member of the Statewide Independent Living Council. After the termination vote took place, Covell claims one or more of the Defendants informed the Governor of their decision. As a result of that information, Covell alleges that the Governor terminated his appointment.

Covell brings this suit against the Defendants in their official and individual capacities for purposes of equitable and legal relief. In his complaint he seeks damages, a mandatory injunction against the

4

Defendants to refrain from any action with Covell prohibited by 42 U.S.C. §§ 1983 and 1988, and reinstatement to his position as the Director of the Commission. The Defendants filed these motions claiming this Court lacks subject matter jurisdiction, and that Covell can claim no set of facts which would entitle him to relief.

## II.  Analysis

*A.  Standard of Review*

Motions pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seek dismissal of claims based on a lack of subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff has the burden of proving the jurisdictional requirements have been satisfied. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). However, a district court may look beyond the complaint and consider any other evidence submitted by the parties to decide whether it has subject matter jurisdiction. See United Transp. Union v. Gateway

Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). As such, the plaintiff has the burden of proving jurisdictional requirements have been fulfilled, even when the defendant challenges jurisdiction. Thompson v. Gaskill, 315 U.S. 422, 446 (1942).

Motions under Rule 12(c) of the Federal Rules of Civil Procedure seek dismissal of claims based on the pleadings. Rule 12(c) may be used in two ways. First, Rule 12(c) may be used after the close of the pleadings to raise Rule 12(b) defenses in regard to procedural defects, in which case the court uses the same standard as a 12(b) motion. Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir.1993); Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989). All well-pleaded allegations are presumed to be true, and all inferences are drawn in favor of the non-moving party. Travel All Over The World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir.1996). In such a case, a court will dismiss the claims if there appears beyond a reasonable doubt to be no set of facts which the plaintiff could prove to be entitled to relief. Id. at 1429-30. Second, Rule 12(c) may be used to dispose of

the case based on the underlying substantive merits. Alexander, 994 F.2d at 336. For this use, "the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." Id. All of the non-moving parties' inferences are presumed to be true, and all facts are taken in the light favorable to the non-moving party. Id.; Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 177 n. 2 (7th Cir.1986).

*B. Motion Under Rule 12(b)(1)*

The Constitutional question at issue here is not whether the Commission was correct in terminating Covell, but rather whether Covell was denied the procedural due process to which he was entitled under the Fourteenth Amendment. A suit brought against a state official for actions in his official capacity is a suit against the individual's office and not the individual. See Brandon v. Holt, 469 U.S. 464, 471 (1985). The suit, in other words, is no different from a suit brought directly against the state itself. As such, the Eleventh Amendment generally bars federal courts from hearing cases against state officials acting in their official

capacities.  MCI Telecommunications Corp. v. Illinois Bell Telephone Co., 222 F.3d 323, 337 (7th Cir. 2000) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102(1984)).

However, there are three exceptions to the Eleventh Amendment rule.  Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002).  The first exception occurs when Congress has abrogated the state's immunity through an "unequivocal intent to do so through a valid exercise of its power."  Id.  Secondly, a state's immunity may be waived by the state and consent given to bring suit in federal court.  Id.  Finally, an individual may bring suit against a state for equitable relief for ongoing violations of federal law under the doctrine announced in Ex Parte Young, 209 U.S. 123, 159-160 (1908).  Id.

The Defendants argue that Covell cannot bring claims for equitable relief against them in that such claims are barred by the Eleventh Amendment of the United States Constitution.  The Defendants allege that if Covell were to bring suit against them, it would have to fall under the Ex Parte Young exception.  209 U.S. at 159-160.  In Ex Parte Young,

8

the Supreme Court held that the Eleventh Amendment permits lawsuits against state officials for prospective injunctive relief for ongoing violations of federal law in order to ensure the enforcement of federal law. Id. As such, this exception applies only to ongoing violations of federal law. Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 645 (2002).

In determining whether the Ex Parte Young exception applies, the court must make a straightforward inquiry into whether the violation of federal law is ongoing and the plaintiff is seeking prospective relief. Id. The Defendants allege Covell is not seeking a remedy for an ongoing violation of federal law. The Defendants point to Sonnleitner v. York, 304 F.3d 704 (7th Cir. 2002), where the Seventh Circuit held that while reinstatement to a supervisory position might be viewed as prospective relief, if the complaint does not allege ongoing violations then the relief cannot save itself from the Eleventh Amendment bar.

Pre-termination hearings are required by federal law where the employee has a property interest in his job. See Cleveland Board of

9

Education v. Loudermill, 470 U.S. 532, 545 (1985) ("[T]he pre-termination hearing, although necessary, need not be elaborate."). Though pre-termination hearings have been required by federal law for several decades, the Commission allegedly did not provide Covell any pre-termination hearing. Covell alleges that the failure to provide him with a pre-termination hearing is a violation of his due process rights. However, this deprivation is not an ongoing violation of federal law, and Covell does not claim that this deprivation falls under any of the other Eleventh Amendment immunity exceptions. Covell acknowledges that if his claims were based only on the Defendants' failure to provide him with a pre-termination hearing, then the Defendants would be entitled to dismissal of the claims.

Given that Covell's complaint requests reinstatement and other equitable relief, the Court is unable to conclude at this stage of the litigation that Covell has failed to allege an ongoing violation of federal law. The Commission may still provide Covell with a post-termination hearing. Based on the Commission's failure to provide such a hearing,

the Court concludes at this stage of the litigation that Covell has sufficiently alleged a claim for ongoing violations of federal law. Therefore, the failure to provide a post-termination hearing falls under the Ex Parte Young exception to Eleventh Amendment immunity. 209 U.S. at 159-160. Accordingly, this court has jurisdiction over any claims dealing with the lack of a post-termination hearing.

C. *Motion Under Rule 12(c)*

For a plaintiff to make a case for a due process violation, he must show that he had a property interest in his employment and that he was deprived of that interest without due process of the law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). That property interest is created by "existing rules or understandings that stem from an independent source such as state law." Regents v. Roth 408 U.S. 564, 577 (1972). In Illinois, "[a] person has a property interest in his job where he has a legitimate expectation of continued employment . . . based on a legitimate claim of entitlement." Fastrum v. Board of Fire & Police Comm'rs, 240 Ill.App.3d 947, 949 (1993); see also Ford v.

Blagojevich, 282 F.Supp.2d 898, 903 (C.D.Ill. 2003).

The Defendants argue that Covell had no property interest in his position as Director of the Commission. The Defendants allege that if Covell had a property interest in his employment, it would have been created by the Code. 20 ILCS 415/1 et seq. The Code sets out three jurisdictions of employment. 20 ILCS 415/4. The Defendants contend that only jurisdiction B employees possess a property interest in their jobs, because those employees can be removed only for cause. 20 ILCS 415/11. The Defendants further argue that the Code allows the exemption of positions which would otherwise fall under Jurisdiction B when the position involves the "principal administrative responsibility for the determination of policy or principal administrative responsibility for the way in which policies are carried out." 20 ILCS 415/4d(3). The Defendants allege that the position of Director of the Commission was exempted from Jurisdiction B by a unanimous vote of the Commission on March 21, 2002. Additionally, the Defendants point to the administrative regulation of the Commission which states, "The Director

. . . shall serve at the pleasure of the Commission." 2 Ill.Adm.Code 3300.380(a). The Defendants contend that Covell did not have a property interest in his position as Director of the Commission and therefore does not have a valid due process claim.

However, Covell claims that he has a property interest in his position as Director of the Commission as created under the bylaws and regulations of the Commission. An individual may have a property interest in continued employment if there are "rules or mutually explicit understandings" that support such a claim. Perry v. Sindermann, 408 U.S. 593, 601 (1972). Covell claims that under regulations promulgated by members of the Commission and the bylaws adopted by the Commission he was entitled to the same rights as those outlined in the Code, except for in hiring. Because neither of these sources claim he is entitled to the rights under the Code, but rather rights similar to those in the Code, it is possible Covell may prove he had a property interest in his position as Director of the Commission. Given the uncertainty regarding the rights afforded to the Director of the Commission, the Court is

13

unable to find at this stage of the litigation that Covell did not have a property interest in his employment with the Commission.

Where an individual brings a 1983 claim for a violation of procedural due process, he must show that he availed himself of any state law remedy or that the remedy provided was somehow inadequate. <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 323 (7th Cir. 1996). In other words, an individual's claim for a due process violation fails when the plaintiff fails to take advantage of procedures available to him. <u>Dusanek v. Hannon</u>, 677 F.2d 538, 542-543 (7th Cir. 1982).

The Defendants claim Covell cannot allege a due process violation because he did not avail himself of the full extent of process provided by the law. The Defendants point out that the Code provides a process for an employee to challenge his discharge before the Civil Service Commission. 20 ILCS 415/10; 20 ILCS 415/11. Under the Code, a Jurisdiction B employee may request a hearing before the Civil Service Commission in which he would have the opportunity to call witnesses in his defense. 20 ILCS 415/11. Because Covell makes no claim he was

denied access to this process, the Defendants believe Covell's claim is without legal merit.

While it is true that Covell does not state he availed himself of the process available under the Code, and he does not challenge the adequacy of the process; the provision of the Code relied upon by the Defendants specifically applies to those employees under Jurisdiction B. 20 ILCS 415/11. The Defendants themselves stated reasons why Covell is not employed under Jurisdiction B of the Code. Specifically, they pointed to a meeting of the Commission on March 21, 2002, where they exempted the Director of the Commission from Jurisdiction B. Given the uncertainty regarding Covell's status, the Court is unable to conclude whether he was entitled to the process afforded to those employees under Jurisdiction B. Therefore, the Defendants' argument is rejected.

State and federal officials are entitled to a defense of qualified immunity to ensure protection where they are required to exercise discretion, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

15

have known." Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). In determining whether the defendant is entitled to qualified immunity the court must first look to whether a constitutional right would have been violated on the facts alleged, and second look to whether that right was clearly established. Townsend v. Vallas, 256 F.3d 661, 672 (7th Cir. 2001). Unless it has been authoritatively decided that the conduct is forbidden, the public official is entitled to qualified immunity. Rice v. Burks, 999 F.2d 1172, 1174 (7th Cir. 1993). While the plaintiff is not required to point to a particular case which precisely mirrors the facts of this case, he must at least "point to a closely analogous case decided prior to the challenged conduct. Sonnleitner, 304 F.3d at 716. The question is whether the defendant had "fair warning" that his conduct was unconstitutional. McGreal v. Ostrov, 368 F.3d 657, 683 (7th Cir. 2004).

    The Defendants allege they are entitled to qualified immunity because it was not clearly established at the time of their actions that failing to provide Covell a post-termination hearing was a violation of his

due process rights. The Defendants argue that it was not clear that the Director of the Commission, allegedly exempted from protection under Jurisdiction B of the Code, retained a property right in his employment. As a result of their belief Covell did not possess a property interest in his employment with the Commission, the Defendants believe the uncertainty of the situation entitles them to qualified immunity.

The Defendants attempt to narrowly define Covell's due process right by questioning whether he possessed a property interest in his employment with the Commission. Rather, the issue in determining whether the Defendants are entitled to qualified immunity is whether it was clearly established that a government employee is generally entitled to some process when being terminated. Illinois law sets out guidelines for providing such a hearing to certain employees. 20 ILCS 415/11. Although this process may not apply to Covell, it is a clearly set-out procedure for providing a termination hearing in Illinois. Even if 20 ILCS 415/11 is not applicable to Covell, it has been clearly established that an individual may have an implied property interest in light of

surrounding circumstances and the promisor's words.  Perry v. Sindermann, 408 U.S. 593, 601-602 (1972).  Covell points to the bylaws and regulations of the Commission as the source of his property interest.  While the Court questions whether this general property interest was sufficient to provide fair warning to the Defendants that their alleged treatment of Covell was unconstitutional under these circumstances, the Court declines at this time to hold that they are entitled to qualified immunity.

### III.  Conclusion

Ergo, the Defendants' first Partial Motion to Dismiss [d/e 9] is DENIED.

The Defendants' second Partial Motion for Judgement on the Pleadings [d/e 19] is DENIED.

Following the Defendants' service of an answer to the complaint, the parties are DIRECTED to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

IT IS SO ORDERED.

ENTER: July 17, 2006

FOR THE COURT:

                              s/ Richard Mills
                              United States District Judge